IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CELERITASWORKS, LLC,

            Plaintiff,

    v.

VERIZON WIRELESS INC.,

            Defendant.

Case No. _____

Jury Trial Demanded

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Celeritasworks, LLC, for its complaint against Defendant Verizon Wireless Inc., states and alleges as follows:

**Nature of the Dispute**

1.    This is an action arising under the patent laws, Title 35, United States Code, for infringement by Defendant Verizon Wireless Inc. ("Verizon") of U.S. Patent No. 6,343,290 B1 ("the '290 Patent").

**Parties**

2.    Plaintiff Celeritasworks, LLC ("Celeritasworks") is a limited liability company duly organized and existing under the laws of the State of Kansas and having its principal place of business at 301 N. Main, Suite 1600, Wichita, Kansas 67202.

3.    Upon information and belief, Verizon is a corporation organized under the laws of the State of Delaware, with its principal business office located at One Verizon Way, Basking Ridge, New Jersey 07920.

**Jurisdiction and Venue**

4.      This Court has subject-matter jurisdiction over this action for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Verizon because, upon information and belief, Verizon is registered as a foreign entity in Kansas, regularly conducts business in this district, and has committed infringing acts in the district. More particularly, upon information and belief, Verizon operates numerous retail locations within the district, provides cellular coverage to customers located within the district, and operates a website that is accessible by residents of the district and that includes the infringing coverage map tool.

6.      Upon information and belief, venue is proper in this pursuant to 28 U.S.C. § 1400(b) in that Verizon and has a regular and established place of business within this judicial district at 2037 N. Amidon Avenue, Wichita, Kansas 67203, among others, and has committed acts of infringement in this judicial district, including by operating a website that is accessible by residents of the district and that includes the infringing coverage map tool.

**The Patent-in-Suit**

7.      Celeritasworks is the owner by recorded assignment of all right, title, and interest in and to United States Patent Number 6,343,290 ("the '290 Patent") entitled "Geographic Network Management System," which duly and legally issued to Celeritas Technologies, L.L.C. on January 29, 2002. A true copy of the '290 Patent is attached as Exhibit A.

8.      At a high level, the claims of the '290 patent are directed to systems and methods for managing a network that: receive a search criteria over a web server, geocode the search criteria, retrieve network data and geospatial data corresponding to the geocode, and generate a map including the network data and geospatial data.

2

9.      Upon information and belief, Verizon made and used, during at least a portion of the past six years in which the '290 Patent was in force, systems and methods for managing a network that infringed some of the claims of the '290 patent. More particularly, upon information and belief, Verizon made and used, during at least a portion of the past six years in which the '290 Patent was in force, a coverage map tool on its website (available at https://www.verizonwireless.com/featured/better-matters/?map=4glte#maps) that infringed at least independent claims 1 and 86 of the '290 patent. During that time, the coverage map tool received a search criteria (such as a zip code or other address) over a web server, geocoded the search criteria, retrieved network data and geospatial data corresponding to the geocoded search criteria, and generated a map including the network data and geospatial data. A screenshot showing a coverage map generated by Verizon's coverage map tool prior to December 22, 2019 for the geocoded search criteria of zip code 64108, which includes color-coded network data overlaid on geospatial data, is reproduced below:



10.     To further illustrate infringement of the '290 Patent, Celeritasworks has attached hereto as Exhibit B a claim chart showing how Verizon's coverage map tool satisfied, during at least a portion of the past six years in which the '290 Patent was in force, each of the claimed limitations of independent claims 1 and 86 of the '290 Patent. The claim chart of Exhibit B is incorporated herein by reference in its entirety.

11.     Verizon's activities described above were without authorization or license from Celeritasworks.

12.     Verizon received notice of the '290 Patent at least by way of a letter dated December 16, 2019 from Celeritasworks' counsel informing Verizon of its infringement of the '290 Patent, which was acknowledged via return email dated January 28, 2020 from Verizon's in-house counsel.

### Count I – Patent Infringement

13.     Celeritasworks incorporates by reference and realleges the allegations in Paragraphs 1–12, above, as if fully set forth herein.

14.     Upon information and belief, Verizon has directly infringed one or more claims of the '290 Patent by making and/or using, during at least a portion of the past six years in which the '290 Patent was in force, its coverage map tool currently available at https://www.verizonwireless.com/featured/better-matters/?map=4glte#maps. Verizon is therefore liable for infringement of the '290 Patent pursuant to 35 U.S.C. § 271(a).

15.     Upon information and belief, Verizon has willfully infringed the '290 Patent with full notice and knowledge thereof. Upon information and belief, Verizon acted despite an objectively high likelihood that its actions constituted infringement and knew or should have known of that objectively high risk.

16.     Celeritasworks has been greatly damaged by reasons of these acts of infringement.

17.     Celeritasworks has suffered monetary damages, in an amount not yet presently known, as a result of Verizon's infringement of the '290 Patent.

18.     Celeritasworks is entitled to monetary damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

### Prayer for Relief

Based on the foregoing, Celeritasworks prays for judgment against Verizon as follows:

A.     For judgment that Verizon has directly infringed one or more claims of the '290 Patent under 35 U.S.C. § 271(a);

B.     For compensatory damages under 35 U.S.C. § 284 in an amount adequate to compensate Celeritasworks for the infringement by Verizon and no less than a reasonable royalty;

C.     For enhanced damages under 35 U.S.C. § 284;

D.     For an award of Celeritasworks's reasonable attorney fees under 35 U.S.C. § 285;

E.     For an award of pre-judgment and post-judgment interest;

F.     For costs of the action; and

G.     For such other and further relief as allowed at law or in equity that the Court deems just.

### Jury Demand

Celeritasworks demands a trial by jury on all issues so triable.

**<u>Designation of Place of Trial</u>**

Celeritasworks designates Wichita, Kansas as place of trial pursuant to Local Rule 40.2.

Respectfully Submitted,

Date:  October 29, 2020

/s/Michael B. Hurd
Michael B. Hurd, KS Bar No. 12521
  mhurd@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647-9057

ATTORNEYS FOR PLAINTIFF